TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00446-CR






Deborah Tate, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 9040275, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Deborah Tate guilty of securing the execution of a document
by deception. See Tex. Penal Code Ann. § 32.46 (West Supp. 2006). The district court assessed
punishment at two years in state jail but suspended imposition of sentence and placed appellant on
community supervision. Appellant, who represents herself on appeal, complains of ineffective
assistance by her trial counsel and misconduct by the prosecutor. We will affirm the conviction.

Appellant does not contest the sufficiency of the evidence, which shows that she
fraudulently collected unemployment benefits at the same time she was receiving workers'
compensation benefits. Specifically, the jury found that appellant secured the execution of
twelve treasury warrants having an aggregate value exceeding $1,500 by falsely certifying that she
was not receiving workers' compensation.

To prevail on a claim of ineffective assistance of counsel, an appellant must show that
counsel made such serious errors that she was not functioning effectively as counsel and that these
errors prejudiced the appellant's defense to such a degree that she was deprived of a fair trial. 
Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 988 S.W.2d 770, 771-72
(Tex. Crim. App. 1999); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). 
In reviewing a claim of ineffective assistance, we must indulge a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance. Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, any allegation of
ineffectiveness must be firmly founded and the record must affirmatively demonstrate the alleged
ineffectiveness. Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). Appellant's brief and
its attachments are not part of the record and are not evidence.

Appellant first contends that her trial counsel was ineffective because she failed to
interview witnesses before trial. The only evidence cited to support this claim is counsel's remark,
made as she began her cross-examination of a State witness, indicating that she had not previously
met that witness. Appellant further asserts that her attorney made false and incorrect statements
during the trial and failed to object to false and incorrect statements by the prosecutor and State
witnesses. For the most part, appellant does not provide record references. Where she does refer
us to the record, she cites no evidence that the referenced statement was false or inaccurate. Finally,
appellant urges that her attorney possessed evidence that would have proved appellant's innocence
but failed to introduce it at trial. Once again, however, appellant's assertion is not supported by the
record before us. Appellant has not demonstrated that her attorney's performance was outside the
broad range of reasonable professional assistance.

Appellant's complaints regarding the prosecutor are also without support in the
record. Appellant asserts that the prosecutor made false and incorrect statements and adduced false
testimony from State witnesses. Although appellant does cite us to some statements that she claims
were misstatements, she does not refer us to evidence to support her claim that the cited statements
were incorrect. We also note that some of the alleged misstatements by the prosecutor were made
during jury argument and merely reflected the prosecutor's view of the evidence. We find no basis
in the record for concluding that the prosecutor deliberately adduced false or misleading evidence
in the trial of this cause or otherwise engaged in misconduct calculated to prejudice the defense.

The points of error are overruled and the judgment of conviction is affirmed.



 ___________________________________________

 Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed: March 22, 2007

Do Not Publish